**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------x
:
PHILIP M. ANDREWS,            :
:
    Plaintiff,            :
:
v.                            :    Civil No. 3:07CV00081(AWT)
:
THE BANK OF AMERICA, INC.,    :
:
    Defendant.            :
:
------------------------------x

## ORDER OF DISMISSAL

Plaintiff Philip Andrews brings this action pro se and in forma pauperis. The plaintiff identifies his claim as follows: "Denial of Public Access to (Public) Services: Based Upon Discriminatory and Prejudicial Intent." (Compl. at 3). In support of his claim, the plaintiff states the following: "Two individual business associates with me were 'allowed to cash' their bank draft/checks, but upon my presentment of same, I was denied the service(s) I requested from them." Id.

Based on (1) the plaintiff's assertion of jurisdiction pursuant to 42 U.S.C. § 1983 and (2) the plaintiff's statement that the defendant discriminated against him by not providing the same service that the defendant provided to his two business associates, the court concludes that the plaintiff is attempting to bring an action pursuant to 42 U.S.C. § 1983. This statute "creates a federal cause of action against any person who, under

color of state law, deprives a citizen or person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or the laws of the United States." Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999). Here, the plaintiff has not alleged a violation of a protected civil right, nor has he alleged how the defendant acted under color of state law. See Rodriguez v. Phillips, 66 F.3d 470, 473 (2d Cir. 1995). Thus, the plaintiff has failed to state a claim under 42 U.S.C. § 1983.

Because the complaint fails to state a claim upon which relief can be granted, the court is required to dismiss his case pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii)(West 2007) ("[T]he court shall dismiss the case [brought in forma pauperis] at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted.") (emphasis added).

The court notes that in addition to asserting jurisdiction under 42 U.S.C. § 1983, the plaintiff has also asserted jurisdiction under "CT STATE - STATUTE(S) 'Public Access.'" Assuming arguendo that the plaintiff is attempting to bring a state law claim, he has failed to satisfy the requirements for diversity jurisdiction. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook America, Inc. v. Shipton Sportswear Company, 14 F.3d 781, 784 (2d Cir. 1994). The

court's understanding of the plaintiff's claim is that the defendant refused to cash the plaintiff's check. The plaintiff does not allege that he was unable to cash his check elsewhere or that he suffered anything other mere aggravation. Consequently, these allegations would not suffice to establish a reasonable probability that the amount of the claim is in excess of $75,000.

This case is hereby DISMISSED, without prejudice. The Clerk shall close this case.

It is so ordered.

Dated this 24th day of February 2007 at Hartford, Connecticut.

                                         /s/AWT
                                  Alvin W. Thompson
                        United States District Judge